UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

BARRAK ABDULMOHSEN ALHUNAIF, and
KHALEDAH SAAD ALDHUBAIBI,

Defendants.

**INDICTMENT**

22 Cr.

22 CRIM 538

**COUNT ONE**

**(Conspiracy to Commit Fraud in Foreign Labor Contracting)**

The Grand Jury charges:

Overview

1. This case concerns a scheme by defendants BARRAK ABDULMOHSEN ALHUNAIF, a Kuwaiti national and diplomatic Attaché assigned to the Permanent Mission of the State of Kuwait to the United Nations, and ALHUNAIF's wife, KHALEDAH SAAD ALDHUBAIBI, to fraudulently procure G-5 visas for three foreign domestic workers (collectively, the "Victims"), who were from India and the Philippines, and to exploit and abuse the Victims, between at least in or about 2017 and in or about 2020. ALHUNAIF and ALDHUBAIBI obtained these visas through the submission of fraudulent employment contracts, which, among other things, vastly overstated the Victims' salaries, understated their hours, and falsely guaranteed other benefits, such as paid holidays and private living accommodations. Once the Victims arrived in the United States,

ALHUNAIF and ALDHUBAIBI paid the Victims far less than the minimum salary required by law, compelled them to work far in excess of 40 hours a week, repeatedly violated the terms of the Victims' contracts as submitted in their visa applications, controlled the Victims' movements, verbally abused the Victims, and threatened and physically abused at least one Victim.

Background

2. At all times relevant to this Indictment, BARRAK ABDULMOHSEN ALHUNAIF ("ALHUNAIF"), the defendant, was a Kuwaiti national and resident of the United States. ALHUNAIF held the position of diplomatic Attaché assigned to the Permanent Mission of the State of Kuwait to the United Nations (the "Mission") in New York, New York.

3. At all times relevant to this Indictment, KHALEDAH SAAD ALDHUBAIBI ("ALDHUBAIBI"), the defendant, was ALHUNAIF's wife and also a Kuwaiti national and resident of the United States. ALHUNAIF and ALDHUBAIBI lived together with their immediate family in New York, New York.

4. At various times relevant to this Indictment, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, employed three foreign domestic workers ("Victim-1," "Victim-2,"

and "Victim-3") to maintain ALHUNAIF's and ALDHUBAIBI's household and to care for ALHUNAIF's and ALDHUBAIBI's children.

5. In order to lawfully enter and remain in the United States, foreign nationals are required to obtain a visa. Diplomats and foreign government officials who work for international organizations in the United States, including the Mission, can obtain G-5 visas for their personal employees, attendants, and domestic workers.

6. In order to obtain a G-5 visa, an applicant is required to submit, among other items, an employment contract, signed by both the employer and the employee, that includes the following items, among others:

a. A description of the work to be performed;

b. The employee's general hours of work, including the number of hours per week;

c. A statement that the domestic employee will be provided a minimum of one full day off each week;

d. The number of paid holidays, sick days, and vacation days the domestic employee will be provided;

e. The hourly wage to be paid to the domestic employee, which must be at least the greater of the minimum wage under U.S. federal, state, or local law;

f. A statement that the employer agrees to abide by all federal, state, and local laws in the United States;

g. A statement that the domestic worker's passport and visa will remain in the sole possession of the domestic worker;

h. A statement that the employer agrees that no money will be taken out of the employee's salary except as required by law; and

i. A statement that the domestic worker's presence in the employer's residence will not be required except during working hours.

**The Victims' Contracts and Their Conditions of Employment**

7. The Victims each signed employment contracts with BARRAK ABDULMOHSEN ALHUNAIF, the defendant, which had nearly identical terms.

8. KHALEDAH SAAD ALDHUBAIBI, the defendant, contacted Victim-1 by telephone prior to Victim-1 receiving and signing her contract. ALDHUBAIBI informed Victim-1, in sum and substance and among other things, that Victim-1 would be responsible for domestic chores for ALDHUBAIBI and ALDHUBAIBI's husband, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, and that Victim-1 would receive an employment contract that would detail the particulars of Victim-1's position.

9. The employment contracts that the Victims received contained, among other things, the following provisions:

a. Prescribed working hours of eight hours per day, split between a two-hour lunch break;

b. An hourly minimum wage and overtime pay;

c. Two days off per week with two weeks of paid vacation per year and sick leave;

d. An agreement that the passport and other property of the employee would not be withheld by the employer;

e. Free lodging, including a private bedroom and bathroom, and a guarantee that the employee's presence would not be required in the employer's residence outside working hours; and

f. An agreement that the employer was responsible for the medical, dental and hospital expenses of the employee in case of sickness.

10. Once the Victims began working in the United States, however, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, paid the Victims far below both the minimum wage required by law and the salaries set forth in their employment contracts.

11. In order to conceal this scheme, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, provided payments to the Victims for the

amounts set forth in the Victims' employment contracts, but often required the Victims to withdraw a portion of their paycheck in cash and to return the cash to ALHUNAIF or to KHALEDAH SAAD ALDHUBAIBI, the defendant. As a result, at various times relevant to this Indictment, ALHUNAIF and ALDHUBAIBI paid at least two of the Victims as little as $700 per month.

12. Notwithstanding provisions in the Victims' contracts stating that the employees would work five days a week for eight hours a day, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, regularly compelled each of the Victims to work far in excess of 40 hours per week and without a regular day off.

13. Notwithstanding provisions in the Victims' contracts, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, required Victim-1 and Victim-2 to surrender their passports to ALHUNAIF and ALDHUBAIBI upon arrival in the United States. In doing so, ALHUNAIF and ALDHUBAIBI made it significantly more difficult for Victim-1 and Victim-2 to leave their employment, notwithstanding their mistreatment, underpayment and violation of their employment contracts described above.

14. Notwithstanding provisions in the Victims' contracts, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the

defendants, failed to provide private lodging to Victim-1 and Victim-2. ALHUNAIF and ALDHUBAIBI also refused to permit any of the Victims to leave their residence outside of working hours, with limited exceptions and only with the express permission of ALHUNAIF or ALDHUBAIBI.

15. Notwithstanding provisions in the Victims' contracts, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, denied Victim-1 and Victim-3 timely medical care. For instance, on one occasion, Victim-3 was denied medical care for several weeks after developing a urinary tract infection.

16. KHALEDAH SAAD ALDHUBAIBI, the defendant, also verbally abused the Victims and physically abused Victim-1. In addition, BARRAK ABDULMOHSEN ALHUNAIF and ALDHUBAIBI, the defendants, threatened abuse of law and legal process to Victim-1 on several occasions. These threats included, among other things, that ALHUNAIF and ALDHUBAIBI would falsely report Victim-1 to law enforcement for stealing from them or mistreating their children. ALHUNAIF and ALDHUBAIBI further erroneously told Victim-1, in sum and substance, that ALHUNAIF was an Ambassador, a higher ranking position than ALHUNAIF actually held, and that law enforcement would support ALHUNAIF over Victim-1 because of the importance of ALHUNAIF's position.

## STATUTORY ALLEGATIONS

17. From at least in or about 2017, up to and including in or about 2020, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit fraud in foreign labor contracting, to wit, in violation of Title 18, United States Code, Section 1351(a).

18. It was a part and object of the conspiracy that BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, and others known and unknown, knowingly and with intent to defraud would and did recruit, solicit, and hire a person outside the United States, and cause another person to recruit, solicit, and hire a person outside the United States, for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations and promises regarding that employment, to wit, ALHUNAIF and ALDHUBAIBI hired the Victims, who were from India and the Philippines, to be domestic workers for their family in the United States by making materially false statements about the conditions of the Victims' employment, in violation of Title 18, United Sates Code, Section 1351(a).

(Title 18, United States Code, Section 1349.)

## COUNT TWO

**(Conspiracy to Commit Visa Fraud)**

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

20. From at least in or about 2017, up to and including in or about 2020, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Section 1546(a).

21. It was a part and object of the conspiracy that BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, and others known and unknown, knowingly would and did make under oath, and under penalty of perjury under Title 28, United States Code, Section 1746, and would and did subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and would and did present such application, affidavit, and other document which contained such

false statement and which failed to contain any reasonable basis in law or fact, to wit, ALHUNAIF and ALDHUBAIBI agreed to present and caused to be presented to immigration authorities applications for nonimmigrant status on behalf of the Victims, who originated from India and the Philippines, to be domestic workers for their family in the United States, which contained materially false statements, in violation of Title 18, United States Code, Section 1546(a).

**Overt Acts**

22. In furtherance of the conspiracy and to affect the illegal object thereof, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, and others known and unknown committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. In or about 2017, ALDHUBAIBI called Victim-1, an Indian national, in advance of Victim-1 traveling to New York, and discussed with Victim-1 the nature of Victim-1's anticipated employment.

b. On or about March 11, 2019, ALHUNAIF signed an employment contract for Victim-3, a Filipino national, that contained materially false statements about the conditions of

Victim-3's employment and was relied upon by U.S. consular officials in Victim-3's visa application.

(Title 18, United States Code, Section 371.)

**COUNT THREE**

**(Forced Labor)**

The Grand Jury further charges:

23. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

24. From at least in or about 2017, up to and including in or about 2020, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, knowingly did obtain the labor and services of a person by means of (a) force, threats of force, physical restraint and threats of physical restraint to her and one or more other persons, (b) serious harm and threats of serious harm to her and one or more other persons, (c) the abuse and threatened abuse of law and legal process, and (d) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm and physical restraint, and a combination of such means, to wit, ALHUNAIF and ALDHUBAIBI obtained the physical labor

and services of Victim-1 through the use of physical force and verbal threats that Victim-1 would face serious legal consequences and suffer harm if Victim-1 did not perform the labor that ALHUNAIF and ALDHUBAIBI required.

(Title 18, United States Code, Sections 1589 and 2.)

**COUNT FOUR**

**(Fraud in Foreign Labor Contracting)**

The Grand Jury further charges:

25. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

26. In or about 2017, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, knowingly and with intent to defraud recruited, solicited, and hired a person outside the United States and caused another person to recruit, solicit, and hire a person outside the United States, for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations and promises regarding that employment, to wit, ALHUNAIF hired Victim-1, an individual in India, to be a domestic worker for ALHUNAIF's family in the United States by making materially false

statements about the conditions of Victim-1's employment, including the wages that Victim-1 would be paid.

(Title 18, United States Code, Section 1351.)

**COUNT FIVE**

**(Visa Fraud)**

The Grand Jury further charges:

27. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

28. In or about 2017, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, knowingly did make under oath, and under penalty of perjury under Title 28, United States Code, Section 1746, and did subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and did present such application, affidavit, and other document which contained such false statement and which failed to contain any reasonable basis in law or fact, to wit, ALHUNAIF presented and caused to be presented to immigration authorities an application

for nonimmigrant status on behalf of Victim-1, which contained materially false statements.

(Title 18, United States Code, Sections 1546(a) and 2.)

**COUNT SIX**

**(Fraud in Foreign Labor Contracting)**

The Grand Jury further charges:

29. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

30. In or about 2017, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, knowingly and with intent to defraud recruited, solicited, and hired a person outside the United States and caused another person to recruit, solicit, and hire a person outside the United States, for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations and promises regarding that employment, to wit, ALHUNAIF hired Victim-2, a person in India, to be a domestic worker for ALHUNAIF's family in the United States by making materially false statements about the conditions of Victim-2's employment, including the wages that Victim-2 would be paid.

(Title 18, United States Code, Sections 1351 and 2.)

**COUNT SEVEN**

**(Visa Fraud)**

The Grand Jury further charges:

31. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

32. In or about 2017, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, knowingly did make under oath, and under penalty of perjury under Title 28, United States Code, Section 1746, and did subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and did present such application, affidavit, and other document which contained such false statement and which failed to contain any reasonable basis in law or fact, to wit, ALHUNAIF presented and caused to be presented to immigration authorities an application for nonimmigrant status on behalf of Victim-2, which contained materially false statements.

(Title 18, United States Code, Sections 1546(a) and 2.)

## COUNT EIGHT

**(Fraud in Foreign Labor Contracting)**

The Grand Jury further charges:

33. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

34. Between in or about 2019 and in or about 2020, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, knowingly and with intent to defraud recruited, solicited, and hired a person outside the United States and caused another person to recruit, solicit, and hire a person outside the United States, for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations and promises regarding that employment, to wit, ALHUNAIF hired Victim-3, a person in the Philippines, to be a domestic worker for ALHUNAIF's family in the United States by making materially false statements about the conditions of Victim-3's employment, including the hours that Victim-3 would be required to serve during Victim-3's employment.

(Title 18, United States Code, Sections 1351 and 2.)

**COUNT NINE**

**(Visa Fraud)**

The Grand Jury further charges:

35. The allegations contained in paragraphs 1 through 16 of this Indictment are repeated and realleged as if fully set forth within.

36. Between in or about 2019 and in or about 2020, in the Southern District of New York and elsewhere, BARRAK ABDULMOHSEN ALHUNAIF, the defendant, willfully and knowingly did make under oath, and under penalty of perjury under Title 28, United States Code, Section 1746, and did subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and did present such application, affidavit, and other document which contained such false statement and which failed to contain any reasonable basis in law or fact, to wit, ALHUNAIF presented and caused to be presented to immigration authorities an application for nonimmigrant status on behalf of Victim-3, which contained materially false statements.

(Title 18, United States Code, Sections 1546(a) and 2.)

## FORFEITURE ALLEGATIONS

The Grand Jury further charges:

37. As a result of committing the offenses alleged in Counts One, Four, Six, and Eight of this Indictment, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

38. As a result of committing the offenses alleged in Counts Two, Five, Seven, and Nine of this Indictment, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), any and all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offenses; any and all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses; and all property, real or personal, that was used to facilitate, or

was intended to be used to facilitate, the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

39. As a result of committing the offense alleged in Count Three of this Indictment, BARRAK ABDULMOHSEN ALHUNAIF and KHALEDAH SAAD ALDHUBAIBI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offense; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

BARRAK ABDULMOHSEN ALHUNAIF, and
KHALEDAH SAAD ALDHUBAIBI,

Defendants.

---

**INDICTMENT**

22 Cr.

(18 U.S.C. §§ 371, 1349, 1351, 1546(a), 1589, and 2)

DAMIAN WILLIAMS
United States Attorney

[signature]
Foreperson

---

CF 10/11/22 INDICTMENT FILED
2 ARREST WARRANTS ISSUED.
CASE ASSIGNED TO JUDGE
RAKOFF

USMJ
GORENSTEIN